■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRELL WALKER, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Order unanimously reversed on the law, writ sustained, and relator remanded to the Supreme Court, Kings County, Criminal Term, for resentence of relator and for further proceedings in accordance with the Memorandum. Memorandum: The relator is imprisoned as a third felony offender under a 1958 conviction. One of the underlying felonies was his first conviction in 1945. He claims that section 480 of the Code of Criminal Procedure was not complied with when he was sentenced by Kings County Court on November 7, 1945 for the crime of assault in the second degree. On a habeas corpus hearing the court assumed, for the purposes of that proceeding, that the fact situation was as claimed by the relator. It is his contention that when he appeared for judgment the Kings County Court, after compliance with section 480 of the Code of Criminal Procedure, pronounced the sentence as follows: "Sentence State Prison at Sing Sing for a minimum term of not less than two (2) years and a maximum term of not more than five (5) years. Judge Sobel, J., Pt. 5, Date Nov. 7, 1945." That thereafter and at an unknown time when neither the relator nor his attorney was present, the sentence was changed by someone, under the same date as the original sentence, to read as follows: "To be delivered to the reception center of the Department of Correction at Elmira, New York for classification and confinement pursuant to Article 3A of the Correction Law. 11/7/45 Sobel, J. Pt. 5." Section 473 of the Code of Criminal Procedure provides in part that "For the purpose of judgment, if the conviction be for a felony, the defendant must be personally present". The alteration of the sentence under the circumstances here presented made the altered sentence an invalid one and requires that the relator be returned to the Supreme Court of Kings County, Criminal Term, for resentence and for further proceedings not inconsistent herewith. The change in the sentence was more than an irregularity and must be corrected. Relator

must be resentenced and at that time there must be compliance with section 480. (Appeal from order of Wyoming County Court dismissing, following a hearing, writ of habeas corpus and remanding relator to custody of Warden.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.